UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Manuel L. Gomez-Gonzalez,

        Petitioner,

v.

United States of America,

        Respondent.

_____

Civil No.: 07-cv-3894 (JMR/JJG)

**REPORT AND RECOMMENDATION**

       This is a habeas corpus proceeding arising under 28 U.S.C. § 2241. Before the Court is Petitioner Manuel L. Gomez-Gonzalez's Emergency Motion for Temporary Restraining Order Prohibiting Relocation of Petitioner (Doc. No. 5). On September 24, 2007, the Court issued an Order denying Mr. Gomez-Gonzalez's motion. (Doc. No. 6). The Court's ruling should have been issued via Report and Recommendation to the District Judge. *See* D. Minn. LR 72.1(a). The Court, therefore, vacates its September 24, 2007 Order and issues this Report and Recommendation addressing Mr. Gomez-Gonzalez's motion.

       Mr. Gomez-Gonzalez requests an immediate order preventing his transfer from the Federal Correctional Institute in Sandstone, Minnesota to another correctional facility during the pendency of this legal action. As a native Spanish speaker, Mr. Gomez-Gonzalez states that he does not understand English. He explains that if he is transferred to another correctional facility, he will be removed from the support network of English speakers he has developed at Sandstone, and, therefore, will have more difficulty litigating this pro se action.

As Mr. Gomez-Gonzalez recognizes in his motion papers, prison authorities have broad discretion in administering their institutions, and such discretion generally extends to a prisoner's transfer. *See Sanders v. St. Louis County*, 724 F.2d 665, 668 (8th Cir. 1983) (citing *Olim v. Wakinekona*, 461 U.S. 238, 246 (1983)). *See also Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006) (stating that there is "no question" that 18 U.S.C. § 3621(b) "provides the BOP with broad discretion to choose the location of an inmate's imprisonment"). Moreover, prisoners generally have no right to incarceration in a particular institution. *Olim*, 461 U.S. at 250. Mr. Gomez-Gonzalez's pending lawsuit does not change these basic rules. While his desire for assistance in translating legal papers is understandable, it does not provide him a basis for remaining at the correctional institution of his choice.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:** The Court's Order dated September 24, 2007 (Doc. No. 6) is **VACATED**, and **IT IS HEREBY RECOMMENDED THAT:** Petitioner Manuel Gomez-Gonzalez's Emergency Motion for Temporary Restraining Order Prohibiting Relocation of Petitioner (Doc. No. 5) be **DENIED**.

Dated: September 25, 2007                                            s/Jeanne J. Graham

                                                                                          JEANNE J. GRAHAM
                                                                                          United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by October 15, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.