```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 07-CV-3894(01)(JMR/JJG)
```

| | | |
|---|---|---|
| Manuel L. Gomez-Gonzalez | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| United States of America | ) | |

Petitioner, Manuel L. Gomez-Gonzalez, seeks relief pursuant to 28 U.S.C. § 2241, claiming he is entitled to 25 months of pre-sentence credit for time in custody. Petitioner's sentence was appropriately calculated by the Bureau of Prisons ("BOP"). The petition is denied.

I. <u>Background</u>

The New York Drug Enforcement Task Force arrested petitioner on May 10, 1997. He has been in federal custody since that time. On January 16, 1998, in the Eastern District of New York, petitioner was sentenced to a 70-month prison term for conspiracy to distribute, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846.

On February 12, 1999, pursuant to a writ, petitioner appeared in the United States District Court for the District of Puerto Rico. On February 25, 2000, he was sentenced in that District to 144 months for conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 963. This

sentence was to run concurrently with that imposed in the Eastern District of New York.

Under 18 U.S.C. § 3584(c), multiple sentences ordered to run concurrently are "treated for administrative purposes as a single, aggregate term of imprisonment." This means petitioner's second sentence began the day it was imposed. It does not mean he began serving time and getting credit for the second sentence prior to it having been imposed.

Petitioner received credit for the New York sentence on May 10, 1997. That time ran until February 12, 1999, when he was writted to Puerto Rico to face prosecution in that District. The 144-month Puerto Rico sentence reflected credit for time in custody after his arrival in that District. The unexpired time on the New York sentence ran concurrently with the Puerto Rico time, until the New York sentence ran out. Petitioner has now been serving the Puerto Rico sentence. His total aggregate sentence is 14 years, 1 month, and 9 days. He received credit on the first sentence for the time from his arrest on May 10, 1997, to January 15, 1998, the day before he was sentenced for the first offense.

II. Discussion

It is not clear why petitioner seeks 25 months of credit for time served. He was in custody for 8 months prior to imposition

of the first sentence. He was in custody for a total of 32 months prior to imposition of the second sentence. The only time period that matches 25 months is the time from imposition of the first sentence to the second.

In computing a federal sentence, two decisions must be made: (1) when the federal sentence commences; and (2) how much credit a defendant can receive for time in custody prior to the commencement of the sentence. <u>Binford v. United States</u>, 436 F.3d 1252, 1254 (10th Cir. 2006); <u>Chambers v. Holland</u>, 920 F.Supp. 618, 621 (M.D. Pa. 1996); <u>United States v. Smith</u>, 812 F.Supp. 368, 370 (E.D.N.Y 1993).

For offenses committed on or after November 1, 1987, the commencement of a federal sentence is determined according to 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b).

Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences when a defendant is received by the Attorney General for service of the federal sentence. <u>Reno v. Koray</u>, 515 U.S. 50, 58 (1995). Pursuant to 18 U.S.C. § 3585(b), presentence credit is provided only for time "that has not been credited against another sentence." Therefore, petitioner's second sentence commenced on February 25, 2000, when he was received by the Attorney General subsequent to imposition of the sentence. The

3

second sentence ran concurrently until the end of the first sentence in early 2003.

Petitioner already received jail credit on his sentence from the Eastern District of New York for the time he was in custody. Therefore, that time cannot be applied toward his 144-month sentence from the District of Puerto Rico. If it was applied, he would be receiving double credit. This would contravene § 3585(b) proscriptions. See United States v. Wilson, 503 U.S. 329, 337 (1992); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993).

Even if there was an issue regarding the amount of jail credit to be awarded, the Attorney General – not the sentencing court – determines credit for time in custody prior to the commencement of a sentence. Wilson, 503 U.S. at 334-35. After a district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the sentence. Id. District Court Judges are not authorized to grant credit at sentencing. Id. at 337. Credit for time served under § 3585(b) is properly determined only by the BOP, and only after a defendant begins the sentence. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

III. <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). <u>See</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings. <u>Flieger v. Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2241 [Docket No. 1] is denied.

2. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 6, 2008

<u>s/ James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States District Judge